UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUDREY L. KIMNER,<br><br>    Plaintiff,<br><br> v.<br><br>BERKELEY COUNTY SOUTH CAROLINA,<br><br>    Defendant. | Case No. 5:20-cv-07563-EJD<br><br>**ORDER REGARDING LETTER FROM PLAINTIFF; REFERRING PLAINTIFF TO FEDERAL PRO BONO PROJECT**<br><br>Re: Dkt. No. 18 |

On December 15, 2020, Plaintiff Audrey Kimner, appearing pro se, filed a letter with the Court. Dkt. No. 18. The Letter is addressed to the Court Clerk and the Chief Judge of "both districts," and requests "all new judges on ALL [Plaintiff's] cases moving forward." Ms. Kimner contends that she filed her cases one year ago and that she has not yet had the opportunity to appear before a judge. She further states that her cases have been "tampered with" and alleges that the undersigned and several other judges in this district are intentionally delaying her case or are otherwise not taking her case seriously. Because Ms. Kimner is appearing pro se, this Court liberally construes her letter to present a motion to disqualify the undersigned judge.

Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a) – (b)(1), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455 (b)(1).

ORDER REGARDING LETTER FROM PLAINTIFF; REFERRING PLAINTIFF TO FEDERAL PRO BONO PROJECT

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted).

Here, Ms. Kimner's allegations categorically fail to establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality might reasonably be questioned herein. Her letter consists primarily of the allegations against Defendants underlying her complaint. Nothing in the record indicates that the undersigned should be disqualified, and Ms. Kimner has not articulated any reason in her letter. The Court understands that delays in federal litigation may be frustrating, however, nothing in the record indicates that this case has been unduly delayed. Indeed, the complaint was filed less than two months ago on October 26, 2020, and is scheduled for an Initial Case Management Conference on February 11, 2020.

Ms. Kimner also appears to take issue with the way this Court has ruled in other cases she has filed. Motions for recusal are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of trial." *United States v. Holland*, 519 F.3d 909, 913-14 (9th Cir. 2008); *see also Sibla*, 624 F.2d at 868 (holding affidavit not legally sufficient unless it alleges facts demonstrating bias or prejudice that "stems from an extrajudicial source"). Judicial rulings may constitute grounds for appeal, but are not a valid basis for a motion for recusal. *See Liteky v. United States*, 510 U.S. 540, 555-56 (1994).

Ms. Kimner has not demonstrated any facts or circumstances that would cause a "well-informed, thoughtful observer" to conclude that the undersigned's impartiality might reasonably be questioned. *Holland*, 519 F.3d at 913-14. Thus, Ms. Kimner's request for a new judge is denied.

The Court reminds Ms. Kimner that the Federal Pro Se Program at the San Jose Courthouse provides free information and limited-scope legal advice to litigants who are

ORDER REGARDING LETTER FROM PLAINTIFF; REFERRING PLAINTIFF TO FEDERAL PRO BONO PROJECT

representing themselves in federal civil cases.  The Federal Pro Se Program is available by phone appointment at (408) 297-1480.

**IT IS SO ORDERED.**

Dated:  December 22, 2020

_____
EDWARD J. DAVILA
United States District Judge

ORDER REGARDING LETTER FROM PLAINTIFF; REFERRING PLAINTIFF TO FEDERAL PRO BONO PROJECT
3