UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUDREY L. KIMNER,<br><br>    Plaintiff,<br><br>v.<br><br>BERKELEY COUNTY SOUTH CAROLINA,<br><br>    Defendant. | Case No. 5:20-cv-07563-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Before the Court is Defendant Berkeley County, South Carolina's ("Berkeley County") motion to dismiss a complaint brought by pro se Plaintiff Audrey Kimner ("Kimner") for failure to state a claim under Rule 12(b)(6), lack of personal jurisdiction under Rule 12(b)(2), and improper venue under Rule 12(b)(3). Def.'s Mot. to Dismiss, Dkt. No. 19 ("Motion"). The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, the Court **GRANTS** Berkeley County's Motion.

I. **Background**

Defendant Berkeley County is located in South Carolina and is a political subdivision of the state of South Carolina. Compl. at 2, Dkt. No. 1; Motion at 3. Ms. Kimner is a citizen of California residing in Carmel, California. Compl. at 1. Ms. Kimner has filed suit in this Court demanding $5,000,000 in damages from Berkeley County due to allegations that Berkeley County was responsible for improperly possessing Ms. Kimner's real property and funds in South Carolina and for improperly jailing Ms. Kimner. *Id.* at 4–5. Ms. Kimner's allegations against Berkeley County stem from various orders issued by Berkeley County Family Court in a divorce

proceeding. Compl. at 4–5, 15, 17–20, 27–31, 56, 59–61; Motion at 5; *see also Kimner v. Kimner*, 2008-DR-08-02160.

## II. Discussion

### A. Failure to State a Claim under Rule 12(b)(6)

In deciding a motion to dismiss under Rule 12(b)(6), courts must accept as true all "well-pleaded factual allegations" in a complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Further, courts must draw all reasonable inferences in the light most favorable to the non-moving party. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. As such, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively[,]" and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In her pleadings, Ms. Kimner describes a series of alleged harms she has suffered, including the "illegal possession of [her] home" and "jailing [her] illegally." Compl. at 4. Attached to her complaint, Ms. Kimner provided voluminous documentation and previous court records from South Carolina state court proceedings. Insofar as Ms. Kimner is seeking to appeal a South Carolina state court decision that caused her to lose her home and other assets, such claims cannot

Case No.: 5:20-cv-07563-EJD
ORDER GRANTING MOTION TO DISMISS

2

be heard by this Court as federal courts cannot hear appeals from state court judgments. *See Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). While recognizing that "[p]ro se pleadings must be liberally construed, " *Williams v. California Dep't of Mental Health*, 2008 WL 590503, at *1 (N.D. Cal. Feb. 29, 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1990)), other than her apparent dissatisfaction with the South Carolina proceedings, Ms. Kimner does not provide any further factual background from which the Court can deduce a specific claim or cause of action. Thus, even liberally construing Ms. Kimner's pleadings, the Court does not find a plausible claim or cause of action in the set of facts alleged by Ms. Kimner. This alone warrants dismissal.

### B. Lack of Personal Jurisdiction under Rule 12(b)(2)

Rule 12(b)(2) permits a party to raise lack of personal jurisdiction as a defense by motion. *See* Fed. R. Civ. P. (12)(b)(2). "Although the defendant is the moving party on a motion to dismiss [for lack of personal jurisdiction], the plaintiff bears the burden of establishing that jurisdiction exists." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002). "[I]n the absence of an evidentiary hearing, the plaintiff need only make 'a prima facie showing of jurisdictional facts to withstand the motion to dismiss.'" *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010) (quoting *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006)). Generally, a court may consider the pleadings in addition to any declarations submitted by the parties when deciding a motion to dismiss for lack of personal jurisdiction. *See Data Disc. Inc. v. Systems Tech. Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir. 1977). The "uncontroverted allegations in [the plaintiff's] complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in [the plaintiff's] favor." *Rio Props.*, 284 F.3d at 1019. In other words, "for the purpose of this [prima facie] demonstration, the court resolves all disputed facts in favor of the plaintiff." *Pebble Beach*, 453 F.3d at 1154.

When determining the presence "of personal jurisdiction over a nonresident defendant,

Case No.: 5:20-cv-07563-EJD
ORDER GRANTING MOTION TO DISMISS

3

[courts] ordinarily examine whether such jurisdiction satisfies the 'requirements of the applicable state long-arm statute' and 'comport[s] with federal due process.'" *Bauman v. DaimlerChrysler Corp.*, 644 F.3d 909, 919 (9th Cir. 2011) (quoting *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1404-05 (9th Cir. 1994)). "Because California permits the exercise of personal jurisdiction to the full extent permitted by due process, [courts] need only determine whether jurisdiction over [a defendant] comports with due process." *Id.* (internal quotations omitted); *see* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). Thus, "[f]or due process to be satisfied, a defendant, if not present in the forum, must have 'minimum contacts' with the forum state such that the assertion of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Pebble Beach*, 453 F.3d at 1155 (quoting *Int'l Shoe Co. v. State of Wash., Office of Unemp't Comp. & Placement*, 326 U.S. 310, 316 (1945)).

The Ninth Circuit has established three requirements for a district court to exercise specific personal jurisdiction over a nonresident defendant: "(1) the defendant must either 'purposefully direct his activities' toward the forum or 'purposefully avail[ ] himself of the privileges of conducting activities in the forum;' (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1068 (9th Cir. 2017) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." *Id.* (quoting *Burger King*, 471 U.S. at 477).

Here, because both parties agree that Berkeley County is not domiciled in the Northern District of California, Ms. Kimner must establish specific personal jurisdiction. Motion at 3; Opposition at 2; Dkt. No. 24. Berkeley County asserts that it "has no contacts with the Northern

Case No.: 5:20-cv-07563-EJD
ORDER GRANTING MOTION TO DISMISS

4

District of California." Motion, p. 3. Ms. Kimner does not dispute Berkeley County's assertion, nor does she plead any facts demonstrating any such contacts by Berkeley County. As such, in the absence of any minimum contacts by Berkeley County with California, personal jurisdiction over Berkeley County by this Court cannot be exercised. This also warrants dismissal.

### C. Improper Venue under Rule 12(b)(3)

Under Rule 12(b)(3), a defendant may move to dismiss a suit for improper venue. Fed. R. Civ. P. 12(b)(3). Under the federal statute governing venue in civil actions, "[a] civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391.

Here, Plaintiff has not alleged any facts establishing that this Court is the proper venue for this action. First, as previously mentioned, Berkeley County resides in South Carolina, not in the Northern District of California. *See* Compl. at 2. Second, from the facts in the record, it appears that most, if not all, of the "events or omissions giving rise to" Ms. Kimner's claim occurred exclusively in South Carolina. 28 U.S.C. § 1391. Finally, as discussed above, Berkeley County is not subject to personal jurisdiction in this judicial district. As such, venue with this Court is improper.

### III. Conclusion

For the reasons stated above, the Court GRANTS Berkeley County's motion to dismiss. Ms. Kimner has previously amended her complaint, received notice from this Court to cure many of the same deficiencies that remain present here, and therefore the Court finds that further amendment would be futile. The Court DISMISSES Ms. Kimner's case against Berkeley County WITH PREJUDICE.

Case No.: 5:20-cv-07563-EJD
ORDER GRANTING MOTION TO DISMISS

Also pending before the Court are Ms. Kimner's Motion for Default Judgment (Dkt. No. 24) and Motion for Clarification (Dkt. No. 27). Because the Court has found it appropriate to dismiss Ms. Kimner's claims with prejudice, these pending motions are hereby TERMINATED AS MOOT, and all other dates and deadlines are hereby VACATED.

**IT IS SO ORDERED.**

Dated: March 4, 2021

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-07563-EJD
ORDER GRANTING MOTION TO DISMISS

6