UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUDREY L. KIMNER,<br><br>    Plaintiff,<br><br>  v.<br><br>BERKELEY COUNTY SOUTH CAROLINA,<br><br>    Defendant. | Case No.  5:20-cv-07563-EJD<br><br>**ORDER DENYING IN FORMA PAUPERIS STATUS ON APPEAL**<br><br>Re: Dkt. No. 36 |

On March 4, 2021, the Court granted Defendant Berkeley County's motion to dismiss this case with prejudice and issued a judgment in favor of Defendant. Dkt. No. 31, 32. Shortly thereafter Plaintiff Audrey Kimner filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit, accompanied by a motion for leave to appeal *in forma pauperis* ("IFP"). Dkt. No. 33, 34. The Ninth Circuit referred that matter to this Court for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3). For the reasons stated below, Ms. Kimner's motion is **DENIED**.

Individuals must pay a $505.00 filing fee to commence an appeal in the Court of Appeals. Under the Federal Rules of Appellate Procedure ("FRAP"), a party who is unable to pay the fees may file a motion in the district court for leave to appeal IFP. Proceeding IFP "is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965); *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) ("court permission to proceed *in forma pauperis* is itself a matter of privilege and not right; denial of in forma pauperis status does not violate the applicant's right to due process"). Leave to proceed IFP is properly granted only when the plaintiff has both demonstrated

poverty and presented a claim that is neither factually nor legally frivolous. *See Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Ms. Kimner filed a motion to proceed IFP in conjunction with her original complaint. Dkt. Nos. 1, 2. Pursuant to 28 U.S.C. § 1915(a), her complaint was subject to a mandatory review by the Court. The Magistrate Judge assigned to the case was satisfied that Ms. Kimner was unable to pay the filing fee, however, he found that Ms. Kimner "failed to provide a short and plain statement of the claim showing that she is entitled to relief, as required by Rule 8." Dkt. No. 4, Order Granting Application To Proceed In Forma Pauperis And Screening Complaint Under 28 U.S.C. § 1915 at 1-2. The Magistrate Judge's Order explained that it was difficult to decipher Ms. Kimner's precise claims from the significant amount of extraneous material she had filed, but it appeared that Kimner was seeking to appeal a South Carolina state court decision that caused her to lose her home and assets. Explaining that federal courts cannot hear appeals from state court judgments, the Court held that Ms. Kimner had failed to state a claim. The Court nevertheless granted the motion to proceed IFP and allowed Ms. Kimner an opportunity to amend her complaint. *Id.*

Ms. Kimner declined to proceed before the Magistrate Judge and the case was reassigned to this Court. Ms. Kimner then filed an amended complaint and Defendant moved to dismiss for failure to state a claim and for lack of personal jurisdiction. The Court found that Ms. Kimner's amended complaint did not cure any of the deficiencies pointed out by the Magistrate Judge's Order granting IFP status. Dkt. No. 31, Order Granting Motion To Dismiss. The Court liberally construed the amended complaint on account of Ms. Kimner's *pro se* status, but could deduce no claim or cause of action from the hundreds of pages Ms. Kimner had filed. Furthermore, Ms. Kimner made no attempt to allege a basis for jurisdiction and the Court found no evidence or reason to believe that Berkeley County is subject to personal jurisdiction in California. The Court therefore dismissed Ms. Kimner's complaint with prejudice.

Given Ms. Kimner's failure to state a claim, failure to cure the deficiencies pinpointed by the Magistrate Judge's Order, and failure to allege grounds for personal jurisdiction over the

Case No.: 5:20-cv-07563-EJD
ORDER DENYING IN FORMA PAUPERIS STATUS ON APPEAL

Defendant, the Court finds that her appeal is legally frivolous. The Court, therefore, finds it appropriate to revoke Ms. Kimner's IFP status for the purposes of her appeal. *See Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of IFP status is appropriate where district court finds the appeal to be frivolous).

In order to proceed with her appeal, Ms. Kimner may either pay the filing fee or submit a motion in the court of appeals pursuant to FRAP 24(a)(5).[1]

**IT IS SO ORDERED.**

Dated: March 22, 2021

_____
EDWARD J. DAVILA
United States District Judge

---

[1] The Federal Rules of Appellate Procedure and the Ninth Circuit Rules are available on the Ninth Circuit website, at https://www.ca9.uscourts.gov/rules/. Plaintiff is encouraged to consult the Rules in advance of future filings. Plaintiff may also find it helpful to consult the Ninth Circuit's instructions for pro se litigants, available at https://www.ca9.uscourts.gov/forms/pro_se_litigants.php.

Case No.: 5:20-cv-07563-EJD
ORDER DENYING IN FORMA PAUPERIS STATUS ON APPEAL
3